UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
No. 14-CIV-21384-MORENO

RENATA CIRCEO-LOUDON, LOUIS
CIRCEO, and all others similarly situated,

 *Plaintiffs*,

vs.

GREEN TREE SERVICING, LLC,
GREEN TREE INSURANCE AGENCY,
INC., ASSURANT, INC., and AMERICAN
RELIABLE INSURANCE COMPANY,

 *Defendants*.
_____/

## OMNIBUS ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

 This Court has served as the forum for a number of "force-placed insurance" cases in which borrowers allege that mortgage lenders and loan-tracking agencies defrauded borrowers by paying and receiving bribes and illegal kickbacks in order to establish exclusive dealing arrangements in their pursuit of force-placing hazard insurance. In each of these cases, the Court has grappled with the question of whether the borrowers have pled the *illegal* payment and receipt of kickbacks with sufficient particularity to demonstrate that the payments are in fact illegal, rather than merely commissions for services rendered. If the payments between the lenders and loan-tracking agencies were valid commissions, then the lenders were well within their rights to upcharge borrowers for force placing insurance because the mortgage agreements disclosed that the cost of force placing hazard insurance may exceed the cost of borrowers obtaining hazard insurance on their own. *See Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1111 (11th Cir. 2014). If, on the other hand, the payments were nothing more than illegal

kickbacks within a scheme to defraud borrowers, then disclosing the higher end cost of force-placing insurance does not shield lenders and loan-tracking agencies from suit. *See Almanzar v. Select Portfolio Servicing, Inc.*, No. 14-CIV-22586, 2015 WL 1359150, at *2–3 (S.D. Fla. Mar. 24, 2015).

The Court dismissed the Plaintiff borrowers' original complaint based on the Defendants' disclosure that borrowers would be subject to higher costs if they did not obtain hazard insurance on their own, and granted the Plaintiffs leave to file an amended complaint that demonstrated that a portion of the force-placed insurance costs were illegal in the first place, which would render the disclosures meaningless. Defendants Green Tree Servicing, Green Tree Insurance Agency, and American Reliable Insurance Company now move to dismiss the amended complaint, and the Court considers whether the Plaintiffs pled sufficient facts demonstrate that the payments between the lenders and loan-tracking agencies are more than "illegal kickbacks" in name only.

In their amended complaint, the Plaintiffs present the facts as follows:

Assurant, Inc., its subsidiaries, including Defendant American Reliable Insurance Company (ARIC), and major mortgage lenders devised a fraudulent scheme whereby ARIC offered loan-tracking and insurance-placement services to lenders and paid them unearned kickbacks (essentially bribes) in exchange for an exclusive contractual relationship. The kickbacks to the lenders and mortgage servicers took many forms, and were characterized as legitimate payments to conceal their actual purpose from consumers. For example, the kickbacks were often characterized as "commissions" paid to an affiliate of the lender for brokerage services, but were in fact cycled through the affiliate, which did no work in connection with the borrower's force-placed insurance, and paid back to the lender as pure profit. Kickbacks also took the form of captive reinsurance arrangements, direct payments, "expense reimbursements," debt forgiveness, or discounted administrative services. Over time, the schemes reaped the major mortgage lenders and the Defendants hundreds of millions of dollars in illegal and unearned profits.

Defendant Green Tree Servicing is a mortgage servicer that purchased master insurance policies that covered its entire portfolio of mortgage loans. In

exchange, ARIC was given the exclusive right to force insurance on the property securing a loan within the portfolio when the borrower's insurance lapsed or the lender determined that the borrower's existing insurance was inadequate. ARIC monitored Green Tree Servicing's entire loan portfolio for lapses in borrowers' insurance coverage. Once a lapse was identified, ARIC sent notice to the borrower that insurance would be "purchased" and force-placed if the voluntary coverage was not continued. If a lapse continued, the insurer notified the borrower that insurance was being force-placed at his or her expense.

Green Tree charged borrowers more than the actual cost of force-placed coverage, and thus charged borrowers more than the amount necessary to cover its own interest in the collateral for borrowers' mortgage loans. The charges passed on to borrowers were artificially inflated by the Green Tree Defendants and ARIC to include the cost of bribes and some of the other unearned benefits described above, all of which were simply kickbacks paid by ARIC to the Green Tree Defendants to maintain an exclusive relationship. Green Tree also passed on charges to the homeowners for unnecessary or "excess" coverage that was required neither by law nor the terms of the borrowers' mortgage loans.

For the purposes of the instant motions, the Court must accept these allegations as true, and construes the allegations in the light most favorable to the Plaintiffs to determine whether the Plaintiffs pled enough facts to state plausible claims for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result, the Defendants' motions to dismiss are denied. Accepting Plaintiffs' allegations as true, the Court finds sufficient factual matter within the amended complaint to support their claims. In particular, the Plaintiffs have provided enough detail about the Defendants' illicit scheme of identifying lapses and force-placing insurance within an exclusive dealing arrangement to establish that, as alleged, the payments that animated the force-placed insurance scheme constituted illegal kickbacks. Of course, if discovery yields insufficient evidence, the Court may grant summary judgment for the Defendants. At this stage, however, it is more prudent to deny the motions to dismiss for the reasons that follow.

### I.    DEFENDANTS' DISCLOSURE OF FORCE-PLACED INSURANCE

In their mortgage agreements with the Plaintiffs, the Defendants disclosed that borrowers might be subject to "much higher" costs if the borrowers did not obtain hazard insurance on their

own. The Defendants believe that this disclosure forecloses any claims stemming from the higher costs that the Defendants charged borrowers once hazard insurance was force-placed upon the borrowers.

The Defendants' disclosure argument relies on the assumption that the fees paid by ARIC to Green Tree were commissions—rather than illegal kickbacks—which is an issue that goes to the core of this case. The Court recognizes that merely labeling payments as illegal "kickbacks" is insufficient to support the Plaintiffs' claims for relief. *See Feaz*, 745 F.3d at 1111; *Cohen v. American Security Insurance Co.*, 735 F.3d 601, 611 (7th Cir. 2013). Instead, the Court looks to the facts as pled to determine whether the quid pro quo arrangement between the Green Tree Defendants and ARIC moves into the realm of illegal payments for services, i.e., bribes, the impropriety of which cannot be offset by disclosures to the borrowers.

In their amended complaint, the Plaintiffs have moved beyond merely labeling the payments illegal kickbacks. The Plaintiffs detail a secret scheme by which ARIC paid wholly unearned kickbacks to Green Tree in exchange for an exclusive contractual relationship to force place insurance upon the Plaintiffs. The costs associated with the Defendants' fraudulent scheme were passed onto the borrowers, giving rise to the claims in this case. If, as alleged, the force-placed insurance scheme was driven by illegal kickbacks, then disclosing the end cost of force-placing the insurance cannot insulate the Defendants from claims pertaining to the Defendants' behind the scene activities that drove up the rates borne by unsuspecting borrowers.

## II. RACKETEER INFLUENCED AND CORRUPT ORGANIZATION RICO CLAIMS AGAINST ALL DEFENDANTS

The Defendants' Racketeer Influenced and Corrupt Organization Act (RICO) arguments also turn on the triable issue of whether the costs built into the Defendants' force-placed insurance scheme constituted commissions or illegal kickbacks. If the force-placed insurance

scheme was driven by illegal activities, then the Plaintiffs have satisfied the elements of RICO claims under 18 U.S.C. § 1962(c) and § 1962(d).

The Plaintiffs allege that the Defendants mailed letters to borrowers that misrepresented the nature of the amounts that they would be billed, stated that the amounts represented the cost of insurance, and failed to disclose that a portion of the costs represented unearned kickbacks that were paid to Green Tree in exchange for an exclusive contractual relationship with ARIC. The Plaintiffs further allege that these notices caused borrowers to forego obtaining hazard insurance because the Plaintiffs would have obtained insurance on their own if they were informed that the Defendants' force-placed insurance included the costs of unearned kickbacks.

According to the Plaintiffs, these activities were agreed upon and carried out by Green Tree and ARIC. The members of the enterprise shared the common goal of increasing revenues by forcing the Plaintiffs to pay inflated rates based on the illegal kickbacks that fueled the enterprise, and, as detailed above, each member played an indispensable role in the operation of the enterprise. If proven, these allegations form the basis of RICO and RICO conspiracy claims stemming from the Defendants' scheme to defraud borrowers by mail fraud. *See Jackson v. U.S. Bank, N.A.*, 44 F. Supp. 3d 1210, 1219 (S.D. Fla. 2014).

### III.   TRUTH IN LENDING ACT CLAIMS AGAINST THE GREEN TREE DEFENDANTS

The Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, protects consumers by helping them make informed credit decisions. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) ("The Truth in Lending Act has the broad purpose of promoting the informed use of credit by assuring meaningful disclosure of credit terms to consumers."). The Plaintiffs allege that the Green Tree Defendants violated the Truth in Lending Act by changing the terms of the Plaintiffs' loans and creating new obligations when the Defendants forced the Plaintiffs to fund

bribes and unearned kickbacks. The Plaintiffs further allege that the costs exceeded those required by law and the Parties' mortgage agreements, and that these hidden costs form the basis of Truth in Lending Act violations because the Green Tree Defendants did not disclose them to the Plaintiffs. Green Tree responds that it did not need to disclose the costs because they constituted insurance premiums, and because Green Tree informed borrowers that they could obtain this coverage from other sources in accordance with 12 C.F.R. § 226.

The Court construes the provisions of the Truth in Lending Act liberally to afford relief to borrowers. *See Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1065 (11th Cir. 2004). In construing the Plaintiffs' Truth in Lending Act allegations, the Court again turns to the distinction between legal commissions and unearned kickbacks, the latter of which cannot constitute a valid "premium for insurance" under the statute. *See Jackson*, 44 F. Supp. at 1219. The deceptive nature of the unearned kickback scheme precludes the application of the Truth in Lending Act's one-year statute of limitations against Plaintiffs' claims. *Id.* Thus, the Plaintiffs have stated claims for violations of the Truth in Lending Act.

### IV.   FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT CLAIMS AGAINST GREEN TREE

The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). To state a claim for a violation of the FDUTPA, the Plaintiffs must allege: 1) a deceptive or unfair practice in the course of trade or commerce; 2) causation; and 3) actual damages. *See Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006). The Defendants once again rely on their disclosure argument in their motion to dismiss Plaintiffs' FDUTPA claims, as the performance of a contract in accordance with the terms of the agreement cannot constitute an unfair or deceptive act.

As addressed above, the Plaintiffs do not complain about the high rates of the force-placed insurance (which were disclosed to the Plaintiffs), but rather the deceptive and unfair practices that generated a portion of the rates (which were not disclosed to the Plaintiffs). The deceptive and unfair practices that the Plaintiffs allege include the payment and receipt of secret bribes that allowed Green Tree to extract illegally inflated rates from the Plaintiffs. These allegations constitute a claim for violation of the FDUPTPA.

## V. COMMON LAW CLAIMS AGAINST ALL DEFENDANTS

The Plaintiffs bring a number of common law claims related to the Defendants' performance of their duties under their mortgage agreements. The Plaintiffs first allege simple breaches of the mortgage agreements based on Green Tree's unreasonable placement of hazard insurance (which, according to the Plaintiffs, involved up-charging borrowers for unearned kickbacks). Though the express language of the contracts allowed Green Tree to force place insurance upon the Plaintiffs upon lapse, Green Tree was obligated to do so in a "reasonable and appropriate manner." *See Laffan v. Santander Bank, N.A.*, No. CIV.A. 13-4040, 2014 WL 2693158, at *4 (E.D. Pa. June 12, 2014). The Court cannot dismiss the Plaintiffs' breach of contract claims against Green Tree because whether Green Tree force-placed insurance in reasonable manner is a contested issue in the case.

Similarly, the Plaintiffs base their breach of implied covenant claims on Green Tree's bad faith exercise of discretion when it imposed hazard insurance upon the Plaintiffs because Green Tree charged the Plaintiffs for illegal kickbacks and other illegitimate costs. The Court sees no reason to depart from the precedent in this District that allows breach of implied covenant claims to proceed on nearly identical allegations. *See Carden v. ING Bank, FSB*, No. 9:13-cv-80659-KLR (S.D. Fla. March 20, 2014).

The Plaintiffs build tortious interference claims against ARIC upon their breach of contract claims against Green Tree. As the Plaintiffs stated plausible claims for relief on their breach of contract allegations, their detailed pleadings about how ARIC intentionally and unjustifiably caused Green Tree to breach its mortgage agreements with the Plaintiffs (by increasing the cost of hazard insurance to cover unearned kickbacks) are sufficient to state claims against ARIC for tortious interference with Green Tree's mortgage contracts with the Plaintiffs.

The Plaintiffs face a higher burden to state claims for breach of fiduciary duty, as lenders generally do not act as fiduciaries towards borrowers under Florida law. *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. Dist. Ct. App. 1994). Nevertheless, there are circumstances in which a lender takes on the role of a fiduciary, including when the lender "receives any greater economic benefit than from a typical transaction." *Id.* at 519. The Plaintiffs allege that Green Tree took on the role of a fiduciary because it received artificially (and illegally) inflated economic benefits by exploiting its relationship with ARIC, and that Green Tree did so at the expense of the Plaintiffs. If proven, these allegations form the basis of claims for breach of fiduciary duty against Green Tree. *Accord Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1055 (N.D. Cal. 2013) (applying Florida law).

Finally, the Plaintiffs pled claims for unjust enrichment in the alternative to their breach of contract claims. The Plaintiffs allege that ARIC was enriched by its exclusive dealing arrangement with Green Tree, which allowed ARIC to extract artificially inflated costs from the Plaintiffs, and that Green Tree, in turn, was enriched by the kickbacks that ARIC paid to Green Tree in order to secure the exclusive dealing arrangement. According to the Plaintiffs, the Defendants' enrichment was unjust because it was generated by the Defendants' fraudulent

-9-

force-placed insurance scheme. *See Cannon*, 917 F. Supp. 2d at 1053. These allegations are sufficient to state common law claims for unjust enrichment.

For these reasons, the Defendants' motions to dismiss the claims presented in the Plaintiffs' amended complaint are denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of April, 2015.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record