# EXHIBIT E

```
                                                                    1

 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2
                  CASE NO.  1:14-CV-21384
 3
 4
   RENATA CIRCEO-LOUDON and LOUIS J.
 5 CIRCEO, on behalf of themselves and
   all others similarly situated,
 6
            Plaintiffs,
 7
   vs.
 8
   GREEN GREE SERVICING, LLC, GREEN TREE
 9 INSURANCE AGENCY, INC., ASSURANT, INC.,
   and AMERICAN RELIABLE INSURANCE
10 COMPANY,
            Defendants.
11                                            /

12
                         100 Southeast Second Street
13                       Suite 4200
                         Miami, Florida 33131
14                       9:32 a.m. to 12:30 p.m.
                         Tuesday, June 9, 2015
15
16
17
              DEPOSITION OF RUTA ANDRIS
18
19     Taken on behalf of the Plaintiff before Debbie
20 Oates, RPR, Notary Public in and for the State of
21 Florida at Large, pursuant to Re-Notice of Taking
22 30(b)(6) Deposition Defendant American Reliable
23 Insurance Company in the above cause.
24
25
```

```
 1  [REDACTED]
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13            MR. NEARY:  Take another break.
14            (A recess was taken at 11:37 a.m., after
15  which the following proceedings were had at
16  11:47 a.m.:)
17  BY MR. NEARY:
18       Q.   I do want to back up a little bit.  Again,
19  earlier we were talking about prior to ARIC being
20  sold or acquired by Global Indemnity.  You had said
21  that they had employees; is that correct?  That there
22  were actual employees?
23       A.   I believe they did.
24       Q.   But you've always been an employee of
25  American Bankers?
```

78







1
2
3
4
5            (Deposition Exhibit 17 was marked for
6  identification.)
7  BY MR. NEARY:
8       Q.    So you have in front of you Exhibit 17
9  which is a compilation of letters that were produced
10 to us by ARIC to the plaintiff -- one of the
11 plaintiffs.  Have you seen these documents before?
12      A.    Yes.
13      Q.    Are these some of the documents you
14 reviewed in preparation for deposition?
15      A.    Yes.
16      Q.    And these letters here would have been
17 produced, according to the policies and procedures,
18 in the automated function that we discussed earlier?
19      A.    They would have been system generated from
20 the tracking activities, correct.
21      Q.    And looking at the first letter here, 663.
22 You can take a moment to review it if you need to,
23 but as far as the three-letter cycle that you
24 described, which -- would this be the first letter in
25 that cycle?

1      look at the policy.  I don't know.
2  BY MR. NEARY:
3      Q.    Turning back to the first page, about
4  midway through, there's a paragraph starting, and it
5  says, "Please note that if we do buy insurance
6  coverage on the collateral, we will do so through
7  affiliated insurance agency, which is an agent for
8  the insurer and will earn a commission on the
9  insurance policy."  Do you see that?
10     A.    I see that.
11     Q.    But at this point in time Green Tree
12 Servicing isn't really buying an insurance policy
13 through Green Tree Insurance Agency, is it?
14           MS. SOLARES:  Object to form.
15           MS. KAMKA:  Objection.
16           THE WITNESS:  At this point in time we're
17    just asking for proof of insurance.
18 BY MR. NEARY:
19     Q.    Right.  Okay.  And at the point when the
20 policy is placed on the -- a particular borrower in
21 the third letter, they're not actually buying
22 insurance through an insurance agency, are they?
23           MS. KAMKA:  Objection.  Foundation.
24           MS. SOLARES:  Join.
25           THE WITNESS:  I'm not sure how that's

115

1      working.  I know that we just tell the system
2      we need to issue a lender-placed because it's
3      exposed.
4  BY MR. NEARY:
5      Q.    And the second page in the exhibit, about
6  midway through that paragraph there's a sentence that
7  says, "Please note" -- I think it says -- "that you
8  will be responsible to pay for any costs if you
9  actually have the required insurance but do not
10 provide us with evidence that it is in effect."  Do
11 you see that?
12     A.    I see that.
13     Q.    Do you have any knowledge as to whether a
14 borrower is ever billed or responsible to pay costs
15 to one of the Green Tree companies regarding the
16 placement of LPI if they had coverage in place at the
17 time?
18           MS. KAMKA:  Objection to form.
19           THE WITNESS:  I don't know how Green Tree
20     bills the clients -- the borrowers.
21 BY MR. NEARY:
22     Q.    Turning to Bates stamp 671.  Have you seen
23 this letter before?
24     A.    Yes.
25     Q.    And this letter would be sent out to a



