UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-21384-MORENO

RENATA CIRCEO-LOUDON,
LOUIS J. CIRCEO, DELORES
SANTOS FAVELA, CARLENE LONGEST,
JUNXIU CAI, and LIFEN CAI on behalf
of themselves and all others similarly situated,

        Plaintiffs,
v.

GREEN TREE SERVICING, *et al.*

        Defendants.
_____/

## DECLARATION OF HOWARD M. BUSHMAN

I, Howard M. Bushman, declare as follows:

    1.    On May 12, 2016, during the previously scheduled Final Fairness Hearings in the Lender Placed class actions in *Renata Circeo-Loudon, et al. v. Green Tree Servicing, LLC, et al.* Case No. 1:14-cv-21384 and *Philip Jackson, et. al. v. U.S. Bank, N.A., et. al.,* Case No. 1:14-cv-21252, the Court inquired from Class Counsel about various actions taken by Class Counsel regarding the handling of different matters for the 5.2 million homeowner class members from across the country involved in the numerous force-placed class actions that have been settled before various judges in this District. This affidavit is filed in support of Class Counsel's Motion for Final Approval of the Proposed Settlement.

    2.    I am a named partner in the law firm of Harke Clasby & Bushman LLP. My law firm serves as Co-Lead Counsel along with Kozyak, Tropin & Throckmorton LLP and Podhurst, Orseck P.A. in these cases and part of my responsibilities include helping organize our group's

efforts to speak directly with class members to: (a) answer any and all of their questions regarding the litigation and (where applicable), the eventual settlements, and (b) assist them in completing and processing their Claim Forms and coordinate these efforts with the various Claims Administrators appointed by the Court in each of the cases that have been settled.

3. Our group now has over 5.2 million homeowner class members across the country among all of the various force-placed cases that have been certified by this Court and approved for settlement purposes.

4. As part of these efforts, Class Counsel have established a class member Call Center staffed by full time employees that receive all of the settlement related questions from class members and answer them appropriately. Class Counsel has employed two full-time call center employees since May 2014 and they work along with paralegals, associates, and partners in the law firms.

5. Maria Mendez and Milva Lissabet of the Kozyak, Tropin & Throckmorton law firm, have been assigned to oversee the Call Center and interact with all of the class members whose questions cannot be resolved by the Call Center employees.

6. Further, Robert Neary, Esq. (of the Kozyak, Tropin & Throckmorton law firm) and I are in charge of all escalations that occur in each of these contacts with class members. We regularly (almost daily) speak and/or correspond with class members regarding the 17 separate force-placed settlements on various issues including, claim submissions, claim deadlines, case history, and current status. We frequently consult with Lead Counsel Adam Moskowitz, Esq. and Lance Harke, P.A. to specifically address and resolve specific class member inquiries, especially when they involve the different Defendant bank/servicers and insurers in order to resolve each of the different issues in the various cases. Our team is still receiving inquires almost weekly from

the original group of force-placed class actions that were granted final approval almost three years ago today.

7. Every day our Call Center team corresponds regarding class member issues that arise. We also meet in-person to discuss the issues raised by class members, make changes to the Call Center protocols, update the settlement process and deadlines, change the specific deficiency processing in each settlement, and perform a variety of other settlement related issues.

8. Earlier this year Class Counsel developed, and initiated a specific Website, separate from the approved Websites that have been approved by the Court in each settlement, so that additional information could be provided to the millions of class members and to better inform them about the specific claims process. The web address for the website is as follows: www.lenderplacedlawsuit.com.

9. The work of the Call Center personnel has been, at times, very difficult, based largely on the dire predicament that many of the class members find themselves with foreclosure proceedings. Our Call Center not only attempts to resolve the force-placed related inquiries but also continually assist with other issues our class members are facing.

10. In addition to standard questions about each of the settlements, the Call Center Team has provided significant time and energy in helping class members in a variety of issues that are unrelated to the settlement. These include, but are not limited to the following:

    a. Advice in how to deal with the class members' foreclosure matters.

    b. Researching and challenging flood zone determinations by FEMA.

    c. Finding local attorneys or legal aid organizations who can represent class members in a variety of proceedings.

    d. Advising on insurance damage claim issues.

e. Escrow irregularities unrelated to the lender placed insurance.

f. Will and trust issues for deceased class members.

g. Navigating the payments for other settlements, either class actions or regulatory.

h. Mortgage issues related to attempted modifications and deed in lieu of foreclosure proceedings.

i. Class Members missing funds after refinances.

j. Divorce issues and property transfers as a result.

k. Incapacitation of mortgage holders.

l. Research related to power of attorney issues in the Class Member's state of residence.

m. Property damage issues and insurance claims.

n. Obtaining voluntary insurance and corresponding with voluntary insurance agents in order to find policies for class members.

o. Dealt with various bankruptcy issues and communicated with various bankruptcy trustees and attorneys of the Class Members with the assistance of Kozyak, Tropin & Throckmorton bankruptcy attorneys.

11. Class Counsel has never charged any of the class members for the help that is provided with any of these issues raised that are unrelated to any of the approved settlements. The Call Center Team has handled over 80,000 individual telephone calls and sent and received over 20,000 emails.

12. The Call Center Team has continued to coordinate various tasks with the various Settlement Administrators that have been approved by each judge and that are compensated by

Defendants and Plaintiffs, and not by any of the class members.  For example, Class Counsel is now working with the Claims Administrator on all class members who had settlement checks returned to the Claims Administrator as "undeliverable" because they did not update their addresses during the claims period.  The Call Center Team has taken it upon themselves to contact these class members (over 3,000) and update their addresses to have the checks re-issued. The Call Center also works with class members to correct any and all "deficient" claims that are refiled by class members.  In some of the early cases, these deficiency procedures were not part of the original Settlement Agreements but Class Counsel has been able to convince Defendants to later agree to this process so that these claim forms maybe be corrected and accepted for review.

13.     Indeed, even after these cases have been granted Final Approval by this Court, Class Counsel expended over 1,300 hours in attorney time, and 3,900 hours in Paralegal time related solely to Call Center Team responses.  The Call Center employees, as well as all of the Lead Counsel staff and attorneys, have and continue to maintain contemporaneous billing and time records for all of their work.  These records include detailed descriptions regarding their contact and dealings with each of the class members in each separate class action settlement.

14.     Class Counsel will continue to provide any and all measures needed by the nationwide classes, including the Call Center Team to attempt to help all 5.2 million class members with all of their issues, whether they are related to the settlements or not.

I declare under penalty of perjury of the laws of Florida and the United States that the foregoing is true and correct, and that this declaration was executed in Miami-Dade County, Florida on June 17, 2016.

By: /s/ *Howard Bushman*
Howard Bushman

5